UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:

| | |
|---|---|
| **GEORGE R. ORANTES,** <br> **Aka Jorge R. Orantes,** | Case No. 8-17-74749-reg |
| | Chapter 7 |
| | **HON. ROBERT E. GROSSMAN** |
| Debtor(s). | |

-----------------------------------------------------------------x

## MOTION FOR RELIEF FROM AUTOMATIC STAY

TO:   THE HONORABLE ROBERT E. GROSSMAN
      UNITED STATES BANKRUPTCY JUDGE

Secured Creditor, NATIONSTAR MORTGAGE LLC, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor, George R. Orantes aka Jorge R. Orantes, filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on August 3, 2017.

2. On November 6, 2003, Debtor executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $300,000.00 to Fleet National Bank, Principally Located in Rhode Island. The Mortgage was recorded on February 6, 2004 in Book M00020646 at Page 293 of the Public Records of Suffolk County, New York. The Mortgage was assigned to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with any required

indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

3. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgements, mortgages, and security agreements in support of right to see a lift of the automatic stay and foreclose if necessary.

4. The mortgage provides Secured Creditor a lien on the real property located at 37 Burrs Ln Suffolk Dix Hills, NY 11746 in Suffolk County, and legally described as stated in the mortgage attached in Composite Exhibit "A."

5. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since June 12, 2009, with arrears in the amount of $379,123.85 as of November 15, 2017. A true and accurate copy of Secured Creditor's statement in regard to indebtedness and default is attached hereto as Exhibit "B." As per the Secured Creditor's statement the total amount due is $487,551.79.

6. The stated value of the property is $413,668.00. See Exhibit "C" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

7. Based upon the Debtor's schedules, the property is claimed as exempt. The Trustee has not abandoned the property.

8. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor's failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

9.      If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10.     Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

11.     Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

12.     The Trustee shall be notified of any surplus monies realized upon sale of the property in a foreclosure proceeding brought by Secured Creditor.

13.     No previous application has been made for the relief request herein**.**

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d)(1) and (d)(2) and 11 U.S.C. § 1301 to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Dated: January 16, 2018
      Clifton Park, NY

**RAS Boriskin, LLC**
Attorneys for Secured Creditor
900 Merchants Concourse, Suite 106
Westbury, NY 11590
-and-
6 Executive Park, Suite B
Clifton Park, New York 12065

By: /s/ Barbara Whipple
Barbara Whipple, Esquire
Email: bwhipple@rasflaw.com