**COMPOSITE EXHIBIT "A"**

# FLEET BANK
## CONSUMER NOTE AND SECURITY AGREEMENT
### FIXED RATE SIMPLE INTEREST

(CT, FL, MA, ME, NH, NJ, NY, PA and RI only)

$ __300,000.00__
Principal Loan Amount    **Finance Charge Accrual As Of NOVEMBER 12, 2003**    Account ▓▓▓▓

Date: __NOVEMBER 6, 2003__

In this Note and Security agreement ("Note"), "I", "me", and "my" mean each and all of the persons who signs as Borrower or Co-Borrower. "You", "your", and "Bank" mean:

Name of Bank:    FLEET NATIONAL BANK, PRINCIPALLY LOCATED IN RHODE ISLAND

Address for Notices:    Consumer Loan Operations
315-317 Court Street, P.O. Box 3092
Utica, NY 13502

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE (The cost of my credit as a yearly rate.) | FINANCE CHARGE (The dollar amount the credit will cost me.) | Amount Financed (The amount of credit provided to me or on my behalf.) | Total Of Payments (The amount I will have paid after I have made all payments as scheduled.) |
|---|---|---|---|
| 5.870 % | $ 210,446.40 | $300,000.00 | $ 510,446.40 |

### PAYMENT SCHEDULE

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 240 | $2,126.86 | The __12TH__ day of each month beginning __DECEMBER__, 2003 |

**SECURITY.** I am giving a security interest in the following property (list location, if real estate):

__37 BURRS LN SUFFOLK DIX HILLS, NY 11746__

**FILING FEES AND TAXES.** $ _n/a_

**REQUIRED DEPOSIT.** If this loan is secured by a pledge of a deposit account, the annual percentage rate does not take into account the pledged deposit.

**CANCELLATION.** If I pay off early, I will not be entitled to a refund of any prepaid finance charge. If I pay off within __1__ year(s) of the date of this Note, I will be required to pay an early cancellation fee of $ __250.00__.

**ASSUMPTION.** If this Note is secured, a person who buys the collateral cannot assume the remainder of this loan obligation on its original terms.

**LATE CHARGE.** If I make a payment late, I will be charged the late charge permitted by law, indicated below:

☐ the lesser of 5% of the payment or $5, if the payment is at least 10 days overdue.

☐ the lesser of 5% of the payment or $10, if the payment is at least 10 days overdue.

☒ the lesser of 5% of the payment or $35, if the payment is at least 10 days overdue.

☐ the greater of 7% of the payment or $12.50, if the payment is at least 10 days overdue.

☐ 2% of any payment that is at least 15 days overdue.

☐ 3% of any payment that is at least 15 days overdue.

☐ 5% of any payment that is at least 15 days overdue.

**CONTRACT TERMS.** I will read the rest of this Note and any mortgage or other agreement securing it for additional information about nonpayment, default, any required payment in full before the scheduled date, prepayment refunds and penalties.

### NOTICE TO CONSUMER: (1) Do not sign this Note before you read it.
### (2) You are entitled to a copy of this Note.

By signing below, I agree to all of the terms of this Note, including the terms on each page of this Note. I also acknowledge receiving a completed copy of this Note and of all other documents and disclosures relating to this Note. If EXECUTED UNDER SEAL as of the date set forth at the top of this Note.

this Note is secured by my home and I am not using the loan proceeds to purchase or construct that home, I am also acknowledging receipt of two copies of the Notice of Right to Cancel.

Borrower: _[signature]_
GEORGE G. ORANTES

Co-Borrower: _[signature]_
EILEEN ORANTES

Address: __37 BURRS LN DIX HILLS, NY 117466026__

Address: __37 BURRS LN DIX HILLS, NY 117466026__

## ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| 1. Loan proceeds | $ | 79,125.71 |
| 2. Prepaid Finance Charge | $ | 0.00 |
| 3. Net amount paid directly to me (1-2) | $ | 79,125.71 |
| 4. Amount applied to my existing debt to you | $ | 80,361.32 |
| 5. Amount paid to others on my behalf | $ | 140,512.97 |

consisting of: †

| | | | | | | |
|---|---|---|---|---|---|---|
| a. $ | n/a | to public officials (mortgage tax) | j. $ | n/a | title insurance | |
| b. $ | n/a | to public officials (mortgage filing fee) | k. $ | n/a | title examination | |
| c. $ | n/a | to public officials (UCC or certificate of title filing fee) | l. $ | n/a | documentary preparation | |
| d. $ (e) | 140,512.97 | to (name) ASTORIA FEDERAL SAVI | m. $ | n/a | notary fee | |
| e. $ | n/a | to (name) | | | | |
| f. $ | n/a | to (name) | | | | |
| g. $ | n/a | documentary stamp | | | | |
| h. $ | n/a | intangible tax | | | | |
| i. $ | n/a | appraisal fee | | | | |

| | | |
|---|---|---|
| 6. Amount Financed (3+4+5) | | 300,000.00 |
| 7. Prepaid Finance Charge | | 0.00 |
| 8. Principal Loan Amount (6+7) | | 300,000.00 |

**† (e) indicates estimated**

## CONSENT TO SECURITY AGREEMENT

In consideration of making this loan, the undersigned hereby grants the Bank a security interest in the Collateral described in the "Security" section of the Note and agrees to be bound by all the terms of the Note applicable to the Collateral. Unless the undersigned signs this Note as a Guarantor, the undersigned is not personally obligated to pay this loan.

The undersigned acknowledges receipt of a completed copy of this Note.

Owner or Co-owner: _____

Date: _____

Owner or Co-owner: _____

Owner or Co-owner: _____

Date: _____

Date: _____

Bank Copy

**USE OF LOAN PROCEEDS.** I will use the proceeds of this Note primarily for the following purpose:

**REFINANCE**

**PROMISE TO PAY.** To repay my loan, I promise to pay you, or to your order, the Principal Loan Amount plus interest and other charges provided for in this Note and in any mortgage or other agreement securing this Note.

**PAYMENTS.** I agree to pay the Principal Loan Amount and interest by making the payments shown above in the Payment Schedule. Any amount not paid sooner is due and payable in full on **11/12/23** (the "Maturity Date"). Because interest is charged on each day's balance, late payments increase the amount I owe, while early payments decrease that amount. My final payment will be adjusted to reflect any greater or lesser amount I owe as the result of the actual dates on which I make payments.

**INTEREST.** I agree to pay interest on the daily balance of the Principal Loan Amount until paid in full, including after default and acceleration, at a simple annual interest rate of **5.870%**. Interest will be computed on the basis of a 365-day year and the actual number of days elapsed.

If checked here ☐, the interest rate stated in the preceding paragraph will be effective on the day of the sixth (6th) payment due date. Until that interest rate becomes effective, I agree to pay interest at a simple interest rate of _____%.

**SINGLE INTEREST INSURANCE.** If checked here ☐, I must obtain Single Interest Insurance to protect your interest in the Collateral. This insurance is for your sole protection and my interest is not covered. Coverage is available through you. If I obtain this insurance through you, the premium for the full term of the Note will be the amount disclosed in the Itemization of Amount Financed.

**SECURITY.** My loan will be secured according to the description checked below.

☐ This Note is unsecured.

☒ This Note is secured by a mortgage on the real estate described above in the disclosure section entitled "Security."

☐ I hereby pledge to you the following deposit account, and any additions to, renewals of, or replacements for such account, to secure this Note:

Fleet Account # _____

So long as I am not in default on this Note, I or any other joint owner of the deposit account may make withdrawals from the account, provided the remaining balance of the account equals at least the principal balance of this Note plus an amount you determine, in your sole discretion, to cover accruing interest.

☐ I hereby grant you a security interest in the following personal property, and in any proceeds from, additions to, or replacements for the property to secure this Note:

Make: _____ Model: _____
Year: _____ V.I.N.: _____

Other:_____

_____

Location of Property: _____

_____

All of the property described in this "Security" provision is referred to in this Note as "Collateral."

**NATURE OF MY RESPONSIBILITIES.** If more than one person signs this Note, each is jointly and severally liable. This means that each person who signs this Note is fully and personally obligated to pay the full amount owed and keep all of the other promises in this Note. You can enforce this Note against any one or more of us or against any of our heirs, executors, or legal representatives. I may not assign this Note to anyone. You may assign this Note and any mortgage or other agreement securing it to another party.

**LATE PAYMENTS.** If I fail to make a payment on time, you may charge me a late payment penalty as provided in the disclosure section of this Note entitled "Late Charge."

**CANCELLATION.** I may prepay this Note, in whole or in part, at any time. If I prepay this Note in full, I will not be entitled to a refund of any prepaid finance charges, and you may charge me an early cancellation fee as provided in the disclosure section of this Note entitled "Cancellation". If I prepay in part, I must continue to make regular payments until the Note is paid in full.

**RETURNED CHECK CHARGE.** If a check or other instrument with which I make a payment on this Note is returned to you unpaid for any reason, I will be charged $**20.00** . You will waive this fee if my check is drawn on a Fleet Bank deposit account.

**MISCELLANEOUS FEES.** You may charge me additional fees for extra services, such as providing research and copies of documents.

**PROPERTY INSURANCE.** I must keep any Collateral that is not in your possession insured to your satisfaction. I may obtain insurance, including any required single interest insurance, from anyone I want that is acceptable to you. I agree to name you as the party to be paid in the event of a loss. You may settle claims and endorse my name on any settlement checks you receive. I hereby assign to you any unearned premiums or refunded premiums for this insurance.

**WARRANTIES WITH RESPECT TO COLLATERAL.** For the term of this Note I warrant that:

(a) I own and will keep the Collateral free from all liens (except as disclosed in writing);

(b) if the Collateral is a motor vehicle or a titled boat, I will be the registered owner and your security interest will be the only lien shown on any certificate of title issued now or in the future;

(c) I will not transfer all or any interest in the Collateral to anyone else or permit anyone else to obtain an interest in it;

(d) I will keep the Collateral in good repair and pay all taxes, insurance, and assessments on it;

(e) I will keep the Collateral insured with coverage, including comprehensive, fire, theft and collision, that is satisfactory to you.

(f) I will not use the Collateral or permit anyone else to use it illegally;

(g) I will notify you in writing if I move or if the Collateral suffers any loss or damage;

(h) I will not relocate the Collateral at any time without your prior written consent;

(i) I will permit you to inspect the Collateral at any time; and

(j) I will sign any documents you consider to be necessary or appropriate to protect your interest in the Collateral.

**YOUR RIGHT TO PROTECT THE COLLATERAL.** If I do not pay the taxes or insurance premiums due on the Collateral, maintain the Collateral in good condition or repair, or promptly remove any claim against it, you may (but do not have to) do so and charge me the cost. I agree to pay any such amounts immediately on demand. So long as any such amounts remain unpaid, they shall be considered to be additional principal under this Note. My obligation to pay such amounts shall be secured by your interest in the Collateral and I agree to pay interest on such amounts at the rate stated in this Note.

**DEFAULT.** To the extent permitted under applicable law, I will be in default under this Note if: (1) I fail to make any payment within 10 days of its due date (60 days, if I paid any prepaid finance charge and this Note is secured by a secondary mortgage on a 1- to 4- family dwelling located in Connecticut); (2) I break any of the promises or agreements in this Note or in any mortgage or other agreement securing it; (3) I have made any false or misleading statements in connection with this Note; (4) a petition is filed by or against me under any bankruptcy or insolvency law; (5) I die or become unable to manage my affairs; (6) the value of the Collateral is significantly impaired; (7) anything else happens that you reasonably believe affects my ability to repay this Note; (8) I fail to furnish any updated financial statement or other credit information you request from time to time; or (9) I fail to permit you, at your request, to inspect or appraise the Collateral from time to time. An event of default by or applicable to any borrower, co- borrower, or guarantor shall constitute an event of default by all of them.

**SET-OFF.** You have the right to set off if I am in default on this Note. Having a right of set-off means that, to the extent permitted by law, you may (but do not have to) apply any balance in any account I maintain with you to satisfy or reduce the balance due under this Note.

**CONSEQUENCES OF DEFAULT.** If I default, you will have the right to require immediate payment of everything I owe you, subject to any notification or cure periods required under applicable law. You will also have the right to enforce any security interest or mortgage you have in my property. If you repossess any personal property that is part of the Collateral, I will notify you by registered mail promptly (but in any event by not more than 3 days after you take possession of the Collateral) if I claim that the property you repossessed included any property that was not part of the Collateral. If you agree with my claim, I will retake possession of such property within 48 hours or you will consider me to have abandoned it. You may sell Collateral consisting of personal property after repossession at public or private sale. You will give me reasonable notice of the time and place set for any public sale or of the time after which any private sale or other intended disposition of the Collateral is to be made. Unless otherwise required by law, you shall be deemed to have given me reasonable notice if you have mailed written notice to me or to any other person entitled to receive notice at least 10 days before the date on which the sale or other disposition of the Collateral is scheduled to occur. The proceeds of any sale will be applied first to your collection costs and attorneys' fees and the costs of repossessing the Collateral, storing it, preparing it for sale, and selling it. Any remaining proceeds will be applied to the unpaid balance of principal, interest, and other charges due under this Note. If the proceeds of the sale are not sufficient to pay all that I owe, I must pay the deficiency to the extent permitted by law. If the proceeds of the sale exceed the amount I owe, the surplus will be paid to me or to any other person legally entitled to it.

**COLLECTION COSTS.** To the extent permitted by law, I will pay all of your reasonable collection costs, including court costs and attorneys' fees. If the property securing the Note is in Florida, I agree to pay, in the event of default, all costs and expenses incurred in collection or foreclosure, including attorney's fees equal to ten percent (10%) of the principal sum or such larger amount as may be reasonable and just, and also all costs, expenses and attorney's fees incurred in any appellate and bankruptcy proceedings. If I am successful in asserting any partial defense, set-off, or counterclaim against you, the court may withhold payment of part or all of your attorneys' fees. New Hampshire and New York Residents Only: If I prevail in any action brought by me or the Bank with respect to this Note, I may be awarded reasonable attorneys' fees. Maine Residents Only: I will not be required to pay your attorneys' fees unless this Note is secured by real estate. Pennsylvania Residents Only: If this Note is secured by real estate, I will pay all of your reasonable attorneys' fees which are actually incurred in connection with foreclosure or other legal action and up to $50.00 for your reasonable attorney's fees which are actually incurred prior to commencement of foreclosure or other legal action.

**TAX DEDUCTIBILITY.** I should consult a tax advisor regarding the deductibility of interest and other charges paid on this Note.

**FL. DOCUMENTARY STAMPS.** State of Florida Documentary Stamps in the amount required by law are affixed to the mortgage securing this Note and cancelled pursuant to law.

**WAIVERS AND RELEASES.** You can waive or delay enforcing any right under this Note without losing that right or any other. You can waive or delay enforcing a right as to one of us without waiving it as to any other. You can release any Collateral or release one of us from responsibility under this Note without releasing others. You can file financing statements on my behalf (for which purpose I hereby appoint you my attorney in fact). If the Collateral is a motor vehicle or titled boat, you may take any action you think is necessary or appropriate to ensure that your security interest is shown on the certificate of title. Your failure to do any of these things shall not affect my obligations to pay all amounts due under this Note. You do not have to give anyone notice of any waiver, delay, or release, nor do you have to notify me of any default by any other person who is responsible for payment of this Note. This Note contains the entire agreement between you and me (except when the Collateral is real estate and a mortgage is given). It may be changed only in a writing signed by you and me.

**APPLICABLE LAW.** Notes Secured by Real Estate: If I reside in ME, NY, NJ, PA, or RI, this Note is governed by federal law and the law of the state where the Bank is principally located. Rhode Island except as to matters directly related to the Bank's lien and its ability to enforce its lien on the real property securing this Note where the law of the state where the property is located will govern. If I reside in CT, MA, FL or NH, this Note is governed by the law of the state where I reside except as to matters directly related to the Bank's lien and its ability to enforce its lien on the real property securing this Note where the law of the state where the property is located governs. Notes Secured by Collateral other than Real Estate: If I reside in ME, NY, NJ, RI or PA and this Note is not secured by real estate, this Note is governed by federal law and the law of the state where the Bank is principally located, Rhode Island except as to matters relating to the Bank's lien on or its ability to enforce its lien on collateral securing this Note in which case the law of the state where the collateral is located will govern. If I reside in CT, MA, FL, or NH and this Note is not secured by real estate, this note is governed by the law of the state where I reside except as to matters relating to the Bank's lien on or its ability to enforce its lien on collateral securing this Note in which case the law of the state where the collateral is located will govern.

To the extent that federal law preempts state law, this Note is governed by federal law. If any provision of this Note conflicts with any existing or future law, it shall be deemed modified to the extent necessary to comply with such law, and the validity of the remaining terms of this Note shall not be affected.

**DOCUMENTATION.** I agree to execute or re-execute any document, including a revised version of this Note, that you request in order to correct any error or omission in the original Note, security instrument, or other loan documents.

**NOTICE.** Except for any notice required under applicable law to be given in another manner: (a) any notice required or permitted to be given to me under this Note shall be sent by regular mail, addressed to me at the address set forth below my signature on this Note; and (b) any notice required or permitted to be given to the Bank under this Note shall be sent by regular mail addressed to you at the Address for Notices identified at the beginning of this Note. Either party may change its address to which the other party is to send notices by giving the other party notice of the new address in accordance with this paragraph. Any notice provided for in this Note shall be in writing and shall be deemed to have been given when mailed, postage prepaid, addressed in the manner designated herein.

---

## NOTICE TO CO-SIGNER

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The bank can collect this debt from you without first trying to collect from the borrower. The lender can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

**This notice is not the contract that makes you liable for the debt.**

## NEW YORK NOTICE TO CO-SIGNER

You agree to pay the debt identified below although you may not personally receive any property, services, or money. You may be sued for payment although the person who receives the property, services, or money is able to pay. You should know that the Total of Payments listed below does not include finance charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorneys' fees, or other charges that may be stated in the Note or contract. You will also have to pay some or all of these costs and charges if the Note or contract, the payment of which you are guaranteeing, requires the borrower to pay such costs and charges.

This notice is not the Note, contract, or other writing that obligates you to pay the debt. Read the Guaranty, below, for the exact terms of your obligation.

Name of Debtor: _____  Name of Creditor: _____

Date of Debt: _____

Type of Debt: _____  Total of Payments: _____

By signing below, you acknowledge that you have been given a completed copy of this Notice and of the Note (which obligates the debtor) and of the Guaranty (which obligates you).

Guarantor: _____  Guarantor: _____

Date: _____  Date: _____

---

## GUARANTY

To induce the Bank to make this loan, each of the undersigned ("Guarantor") unconditionally guarantees the payment when due of all money owed under the Note and any mortgage or other agreement securing it. Each guarantor is jointly and severally liable with the Borrower. This means that the Bank does not have to try to collect from anyone or repossess any Collateral before collecting from a Guarantor. The Bank may take any action permitted under the Note or security instrument without notifying the Guarantor or releasing the Guarantor from responsibility. The Guarantor agrees to pay any expenses the Bank incurs in enforcing this Guaranty, including reasonable attorneys' fees and court costs. The Bank does not have to notify any Guarantor of the Bank's acceptance of this Guaranty. Any capitalized term not defined in this Guaranty has the same meaning as in the Note.

Each Guarantor agrees to the terms of this Guaranty and acknowledges receipt of a completed copy of the Note, this Guaranty, and of all other documents and disclosures given to the Borrower.

Guarantor: _____  Guarantor: _____
(Co-signer)  (Co-signer)

Date: _____  Date: _____

Witness: _____  Witness: _____

PAY TO THE ORDER OF

_____

WITHOUT RECOURSE _____

Bank of America, N.A.

BY _____

CHRISTINA M. SCHMITT
ASSISTANT VICE PRESIDENT







71L0200 36 32 4058

**SUFFOLK COUNTY CLERK**
**RECORDS OFFICE**
**RECORDING PAGE**

Type of Instrument: MORTGAGE/MMM
Number of Pages: 8
MORTGAGE NUMBER: ▮▮▮▮▮▮▮

Recorded:    02/06/2004
At:          04:18:19 PM
LIBER: ▮▮▮▮▮▮▮
PAGE:        293

| District: | Section: | Block: | Lot: |
|---|---|---|---|
| 0100 | 016.00 | 02.00 | 061.000 |

EXAMINED AND CHARGED AS FOLLOWS

Mortgage Amount:        $300,000.00

Received the Following Fees For Above Instrument

| | | Exempt | | | Exempt |
|---|---|---|---|---|---|
| Page/Filing | $24.00 | NO | Handling | $5.00 | NO |
| COE | $5.00 | NO | NYS SRCHG | $15.00 | NO |
| Affidavit | $0.00 | NO | Cert.Copies | $0.00 | NO |
| RPT | $30.00 | NO | SCTM | $0.00 | NO |
| Mort.Basic | $1,500.00 | NO | Mort.Addl | $725.00 | NO |
| Mort.SplAddl | $0.00 | NO | Mort.SplAsst | $750.00 | NO |
| | | | Fees Paid | $3,054.00 | |

MORTGAGE NUMBER: CU158078

THIS PAGE IS A PART OF THE INSTRUMENT
THIS IS NOT A BILL

Edward P.Romaine
County Clerk, Suffolk County

# Fleet Bank

## Mortgage

### (for use in NY)

**Principal Loan Amount: U.S. $**

$300,000.00

**Maturity Date:**

11/12/23

**Borrower(s)/Mortgagor(s):**

GEORGE R. ORANTES
EILEEN ORANTES

**Property Address:**

37 BURRS LN SUFFOLK DIX HILLS, NY 11746

**Mailing Address:**

37 BURRS LN DIX HILLS, NY 117466026

THIS MORTGAGE is between each Mortgagor signing below ("Borrower") and the following Mortgagee ("Lender"):

Name of Lender:     FLEET NATIONAL BANK, PRINCIPALLY LOCATED IN RHODE ISLAND

Lender's Address for Notices:     CONSUMER LOAN OPERATIONS
315-317 COURT STREET
P.O. BOX 3092
UTICA, NY 13502

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note in favor of Lender in the Principal Loan Amount set forth above, which note was dated the same date as this Mortgage and is due and payable in full by the Maturity Date set forth above (the "Note"), together with interest thereon and all renewals, extensions, and conversions of or modifications to the Note; the payment of all other sums provided in the Note or advanced to protect the security of this Mortgage; and the performance of all other covenants and agreements of Borrower contained herein and in the Note, for consideration paid, Borrower hereby mortgages, grants, and conveys to Lender, its successors and assigns forever, with statutory power of sale (if applicable) and with mortgage covenants, the property described in Exhibit A to this Mortgage (the "Property"). This Mortgage is given on the statutory condition (except in Florida). If the Property is located in New York, Lender's rights under this Mortgage are in addition to, and not exclusive of, rights conferred under Sections 254, 271, 272 and 291-F of the New York Real Property Law.

### PROPERTY UNDER MORTGAGE

The Property includes: all improvements erected on the Property; all of Borrower's rights and privileges to all land, water, streets, and roads next to and on all sides of the Property (called "easements, rights, and appurtenances"); all rents from the Property; all proceeds (to the extent necessary to repay the amount Borrower owes) from the Property, including insurance proceeds and proceeds from the taking of all or any part of the Property by a government agency or anyone else authorized by law; and all property and rights described above that Borrower acquires in the future.

### OWNERSHIP OF PROPERTY

Borrower promises that Borrower lawfully owns the Property and has the right to mortgage, grant and convey the Property, and that there are no claims or charges (called "encumbrances") against the Property, except for encumbrances disclosed to Lender. Borrower is fully responsible for any losses Lender suffers because someone other than the Borrower has some of the rights in the Property that the Borrower claims, and Borrower will defend Borrower's ownership of the Property against any such claim of rights.

Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, and Other Charges.** Borrower shall promptly pay, when due, the principal and interest indebtedness secured by the Mortgage and any other charges due under the Note. (PA customers only; including a late fee in the amount of $ _____ for each late payment).

Record and Return To:
Integrated Loan Services
27 Inwood Road
Rocky Hill, CT 06067

ecording Copy

79
2975
=3054

Page 1 of 6

**2.    Application of Payments.** Unless otherwise provided in the Note or required by applicable law, all payments received by Lender shall be applied first to interest accrued through the date of payment, then to principal due to the date of payment, then to other charges, if any, that have not been added to principal and, finally, to principal that is not yet due.

**3.    Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien that has priority over this Mortgage, including Borrower's covenants to make payments when due, and will not incur any additional indebtedness under any such mortgage, deed of trust or other security agreement. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property that may attain priority over this Mortgage, and any leasehold payments or ground rents. Borrower will notify all prior mortgagees of Lender's Mortgage.

**4.    Hazard and Flood Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require, and in such amounts and for such periods as Lender may require. Borrower shall maintain coverage in an amount equal to the smallest of: (a) the amount of any obligation having priority over this Mortgage, plus one hundred ten percent (110%) of the unpaid balance of principal and interest on the Note; or (b) the maximum insurable value of the Property, but in no event shall such amount be less than the amount necessary to satisfy any co-insurance requirement contained in the insurance policy; or (c) the maximum amount permitted by applicable law. If the Property is located in an area identified by federal officials as having special flood hazards and where flood insurance is available under the National Flood Insurance Act, Borrower will keep Property insured against loss by flood.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender, provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgagee clause in favor of, and in a form acceptable to, Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien that has priority over this Mortgage. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds, at Lender's option, either to restoration or repair of the Property or to the sums secured by this Mortgage.

**5.    Preservation and Maintenance of Property; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property. If this Mortgage is on a unit in a condominium or planned unit development, Borrower shall perform all of the Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents. Borrower shall promptly pay, when due, all assessments imposed by the owners' association or other governing body of any condominium project of which the Property is a part, pursuant to the provisions of the declaration, by-laws, regulations or other constituent document of the condominium project. As long as the owners' association or other governing body maintains a "master" or "blanket" policy on the condominium project that provides insurance coverage against fire, hazards included within the term "extended coverage," and such other hazards as Lender may require, and in such amounts and for such periods as Lender may require, then Borrower's obligations under paragraph 4 to maintain hazard insurance coverage on the Property is deemed satisfied and the provisions of paragraph 4 regarding application of hazard insurance proceeds shall be superseded by any provisions of the declaration, by-laws, regulations or other constituent document of the project or of applicable law to the extent necessary to avoid a conflict between such provisions and the provisions of paragraph 4. For any period of time during which such hazard insurance coverage is not maintained, the immediately preceding sentence shall be deemed to have no force or effect. Borrower shall give Lender prompt notice of any lapse in such hazard insurance coverage. In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss of the Property, whether to the unit or to common elements, any such proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Mortgage, with the excess, if any, paid to Borrower.

If the Property is part of a condominium project, Borrower shall not, except after notice to Lender and with Lender's prior written consent, partition or subdivide the Property, or consent to: (a) the abandonment or termination of the project, except for abandonment or termination provided by law in the case of a taking by condemnation or eminent domain; (b) any material amendment of the declaration, by-laws or regulations of the owners' association or other governing body, or equivalent constituent document of the project, including, but not limited to, any amendment that would change the percentage interests of the unit owners in the project; or (c) the effectuation of any decision by the owners' association or other governing body to terminate professional management and assume self-management of the project.

**6.    Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced that materially affects Lender's interest in the Property, the Lender, at Lender's option, on notice to Borrower, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as Lender deems necessary to protect its interest. Any amounts disbursed by Lender pursuant to this paragraph 6 shall become additional principal indebtedness of Borrower secured by this Mortgage and Borrower shall pay interest on such amounts at the rate in effect from time to time under the Note. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable on notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 6 shall require Lender to incur any expense or take any action hereunder, and any action taken by Lender hereunder shall not be a waiver of, or preclude the exercise of, any of the rights or remedies accorded to Lender.

**7.    Inspection.** Lender may make or cause to be made reasonable entries on and inspection of the Property, provided that Lender shall give Borrower notice prior to such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**8.    Condemnation.** The process of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, is hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien that has priority over this Mortgage.

**9.    Borrower Not Released; Forbearance By Lender Not A Waiver.** Extension of the time for payment or modification of any of the other terms of payment of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify the terms of payment of the sums secured by the Mortgage by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**10.    Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to the benefit of, the respective successors and assigns of Lender and Borrower. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signed this Mortgage, but does not execute the Note: (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage; (b) is not personally obligated to pay the sums secured by this Mortgage; and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forebear or make any other accommodations with regard to the terms of this Mortgage and the Note without the Borrower's consent and without releasing the Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**11.    Notice.** Except for any notice required under applicable law to be given in another manner: (a) any notice required or permitted to be given to Borrower under this Mortgage shall be sent to Borrower by regular mail addressed to Borrower at the address for notices specified in the Note; and (b) any notice required or permitted to be given to Lender under this Mortgage shall be sent to Lender by regular mail addressed to Lender at Lender's Address for Notices identified at the beginning of this Mortgage. Either party may change its address to which the other party is to send notices by giving the other party notice of the new address in accordance with this paragraph 11. Any notice provided for in this Mortgage shall be in writing and shall be deemed to have been given when mailed, postage prepaid, addressed in the manner designated herein.

<p align="center">Recording copy</p>

**12.    Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. Notwithstanding the foregoing, nothing herein shall limit the applicability of federal law to this Mortgage. In the event that any provision of this Mortgage or the Note conflicts with applicable law, the conflicting provision shall be deemed to be amended to afford the Lender the maximum rights allowed by law. No conflict with applicable law shall affect other provisions of this Mortgage or the Note that can be given effect without the conflicting provision and, to this end, the provisions of this Mortgage or the Note are declared to be severable.

**13.    Borrower's Copy.** Borrower shall be furnished a conformed copy of this Mortgage at the time of execution or after recordation hereof.

**14.    Events of Default.** Borrower shall be in default under this Mortgage if: (1) Borrower fails to make any payment due under the Note or this Mortgage within 10 days of its due date (60 days, if you paid any prepaid finance charge and this is a secondary mortgage on a 1- to 4-family dwelling located in Connecticut); (2) Borrower breaks any of the promises or agreements in the Note or in this Mortgage; (3) Borrower has made any false or misleading statements in connection with the Note or this Mortgage; (4) a petition is filed by or against any person liable on the Note under any bankruptcy or insolvency law; (5) any person liable on the Note dies or becomes unable to manage his or her affairs; (6) the value of the Property is significantly impaired; (7) anything else happens that Lender reasonably believes affects Borrower's ability to repay the Note; (8) Borrower fails to furnish any updated financial statement or other credit information Lender requests from time to time; or (9) Borrower fails to permit Lender, at Lender's request, to inspect or appraise the Property from time to time.

**15.    Acceleration; Remedies.** On default, Lender may declare all sums secured by this Mortgage immediately due and payable, and Lender may invoke any of the remedies permitted under applicable law, including the STATUTORY POWER OF SALE, if any. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 15, including, but not limited to, reasonable attorneys' fees to the extent permitted by law. If the Property is located in Florida, Lender shall be entitled to collect all costs and expenses incurred in collection or forclosure, including attorneys' fees equal to ten percent (10%) of the principal sum or such larger amount as may be reasonable and just, and also all costs, expenses and attorneys' fees incurred in any appellate and bankruptcy proceedings. If Lender invokes a STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to any other person required by applicable law, in the manner provided by applicable law. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Mortgage in such order as Lender may determine; and (c) the excess, if any, to the person or persons legally entitled thereto.

**16.    Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 15 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable. On acceleration under paragraph 15 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter on, take possession of and manage the Property and to collect the rents of the Property, including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

**17.    Waiver of Homestead; Dower and Curtesy.** When applicable, and as permitted by law, Borrower hereby waives all rights of homestead in the Property and relinquishes all rights of dower and curtesy in the Property.

**18.    Release.** This Mortgage shall be deemed to be satisfied, and Lender shall give Borrower a discharge therefor, when all sums secured by this Mortgage have been paid in full, and Borrower has paid Lender for the recording cost of filing the satisfaction of mortgage.

**19.    New York Lien Law.** If the Note and Mortgage are governed by New York law, the Borrower (a) will receive all amounts advanced under the Note subject to the trust fund provisions of Section 13 of the New York Lien Law and agrees to use any money received from Lender under the Note for the purpose of paying the cost of any improvements made to the Property before using the money for any other purpose; and (b) hereby requests exemption pursuant to Section 253 (2) of the New York Tax Law, if applicable.

**Recording Copy**
Page 4 of 6

## REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE
## UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien that has priority over this Mortgage to give notice to Lender, at Lender's address set forth at the beginning of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

**NOTICE TO CONSUMER:** **1. Do not sign this Mortgage before you read it.**
**2. You are entitled to a copy of this Mortgage.**

**IN WITNESS WHEREOF**, each of the undersigned has executed this Mortgage under seal this __6TH__ day of __NOVEMBER__ (month), __2003__. WE AGREE AND ACKNOWLEDGE THAT WE HAVE RECEIVED TRUE COPIES OF THIS MORTGAGE AND ANY RIDER.

(Signature of Witness One)
Printed Name:

(Mortgagor/Borrower Signature)
Printed Name: **GEORGE R. ORANTES**

(Signature of Witness Two)
Printed Name:

(Signature of Witness One)
Printed Name:

(Mortgagor/Borrower Signature)
Printed Name: **EILEEN ORANTES**

(Signature of Witness Two)
Printed Name:

(Signature of Witness One)
Printed Name:

(Mortgagor/Borrower Signature)
Printed Name:

(Signature of Witness Two)
Printed Name:

(Signature of Witness One)
Printed Name:

(Mortgagor/Borrower Signature)
Printed Name:

(Signature of Witness Two)
Printed Name:

(Signature of Witness One)
Printed Name:

(Mortgagor/Borrower Signature)
Printed Name:

(Signature of Witness Two)
Printed Name:

State of New York
County of __Suffolk__

On the 6th day of __NOV__ in the year __2003__ before me, the undersigned, a notary public in and for said state, personally appeared  **GEORGE R. ORANTES, EILEEN ORANTES**

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

**[Seal]**

Signature and Office of Individual taking acknowledgement
Print Name:
My Commission Expires:

CLAUDE COLIMON
Notary Public, State of New York
Qualified in Suffolk County
Commission Expires Mar. 5, 2007
Reg. No 01CO6056270

**Recording Copy**
**Page 5 of 6**

21200D Rev. 11/2002

EXHIBIT A
TO
MORTGAGE

**Date of Mortgage:**
11/06/03

**Borrower(s)/Mortgagor(s):**
GEORGE R. ORANTES
EILEEN ORANTES

**Mortgagee:**
FLEET NATIONAL BANK,
PRINCIPALLY LOCATED IN RHODE ISLAND

**Property Address:**
37 BURRS LN SUFFOLK DIX HILLS, NY 11746

The Property is located in _ BABYLON _____ (city/town), SUFFOLK _____ (county),

_NEW YORK_____(state) and is bounded and described as follows:

(See "Schedule A" attached hereto and made a part hereof.)

Remit all Legal Documents to: ---------------- Fleet Bank
Consumer Loan Operations
315-317 Court Street
P.O. Box 3092
Utica, NY 13502

Pennsylvania Certification of Residence

I hereby certify that the precise residence of the Mortgagee, _____ ,

is: _____

_____
Name

_____
Title

21200E Rev. 11/2002

SCHEDULE A

ORANTES

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE TOWN OF BABYLON, COUNTY OF SUFFOLK AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE EASTERLY SIDE OF BURRS LANE DISTANT 597.52 NORTHERLY AS MEASURED ALONG THE EASTERLY SIDE OF BURRS LANE FROM THE NORTHERLY END OF A CURVE CONNECTING THE NORTHERLY SIDE OF STRAIGHT PATH WITH THE EASTERLY SIDE OF BURRS LANE;

RUNNING THENCE ALONG THE EASTERLY SIDE OF BURRS LANE NORTH 18 DEGREES 44 MINUTES 35 SECONDS WEST 141.63 FEET TO THE LAND ON THE MAP OF STURBRIDGE HOMES, SECTION 1;

THENCE ALONG SAID LAST MENTIONED LAND THE FOLLOWING TWO COURSES AND DISTANCES:

1. NORTH 71 DEGREES 15 MINUTES 25 SECONDS EAST 114.87 FEET;

2. SOUTH 82 DEGREES 21 MINUTES 00 SECONDS EAST 114.91 FEET TO LAND ON THE MAP OF DIX PARK, SECTION 2;

THENCE ALONG SAID LAST MENTIONED LAND, SOUTH 18 DEGREES 44 MINUTES 35 SECONDS EAST 90.55 FEET TO LAND NOW OR FORMERLY OF GOLDEN GATES ASSOCIATES, INC.;

THENCE ALONG SAID LAST MENTIONED LAND SOUTH 71 DEGREES 15 MINUTES 25 SECONDS WEST 217.80 FEET TO THE EASTERLY SIDE OF BURRS LANE AT THE POINT OR PLACE OF BEGINNING.

THIS PROPERTY IS OR WILL BE IMPROVED BY A ONE OR TWO FAMILY DWELLING ONLY.

DSBL #100-16-2-61

Number of pages    8

## TORRENS

Serial # _____

Certificate # _____

Prior Ctf. # _____

| 1 | 2 |
| 3 |

RECORDED
2004 Feb 06 04:18:19 PM
Edward P.Romaine
CLERK OF
SUFFOLK COUNTY
L M00020646
P 293
CU158078

| Deed / Mortgage Instrument | Deed / Mortgage Tax Stamp | Recording / Filing Stamps |

**4**                                    FEES

| | | Mortgage Amt. | 300,000 |
| Page / Filing Fee | 24 | 1. Basic Tax | 1,500 |
| Handling | 5 | 2. Additional Tax | 725 |
| TP-584 | | Sub Total | 2,225 |
| Notation | | Spec./Assit. Or Spec./Add. | 750 |
| EA-52 17 (County) | Sub Total 29 | TOT. MTG. TAX | 2,975 |
| EA-5217 (State) | | Dual Town _____ Dual County _____ |
| R.P.T.S.A. | 35 | Held for Apportionment |
| Comm. of Ed. | 5 00 | Transfer Tax _____ |
| Affidavit | | Mansion Tax _____ |
| Certified Copy | | The property covered by this mortgage is or will be improved by a one or two family dwelling only. |
| Reg. Copy | | YES ✓ or NO _____ |
| Other | 15 | Sub Total 50 | If NO, see appropriate tax clause on page # _____ of this instrument. |
| | | GRAND TOTAL 79 | |

| **5** | Real Property Tax Service Agency Verification | | | | | **6** | Community Preservation Fund |
|---|---|---|---|---|---|---|---|
| | Dist. | Section | Block | Lot | | Consideration Amount $ _____ |
| Stamp | | | | | | CPF Tax Due | $ _____ |
| Date | 0100  01600  0200  061000 | | | | 2 | |
| Initials | | | | | | Improved _____ |
| | P T S R CWH A 27-JAN-04 | | | | | Vacant Land _____ |
| **7** | Satisfaction | | | | | TD _____ |
| | RECORD & RETURN TO: | | | | | TD _____ |
| | Integrated Loan Services 27 Inwood Road Rocky Hill, CT 06067 | | | | | TD _____ |

| **8** | Title Company Information |
|---|---|
| | Co. Name |
| | Title # |

**9**        ## Suffolk County Recording & Endorsement Page

This page forms part of the attached   *Mortgage*   _____ made by:
(SPECIFY TYPE OF INSTRUMENT )

*GEORGE R. ORANTES*
*EILEEN ORANTES*

The premises herein is situated in
SUFFOLK COUNTY, NEW YORK.

          **TO**

In the Township of   *BABYLON*

*Fleet National Bank*

In the VILLAGE
or HAMLET of _____

BOXES 5 THRU 9 MUST BE TYPED OR PRINTED IN BLACK INK ONLY PRIOR TO RECORDING OR FILING.

(OVER)

# IMPORTANT NOTICE

If the document you've just recorded is your **SATISFACTION OF MORTGAGE**, please be aware of the following:

If a portion of your monthly mortgage payment included your property taxes, *you will now need to contact your local Town Tax Receiver so that you may be billed directly for all future property tax statements.

Local property taxes are payable twice a year: on or before January 10th and on or before May 31st. Failure to make payments in a timely fashion could result in a penalty.

**Please contact your local Town Tax Receiver with any questions regarding property tax payment.**

Babylon Town Receiver of Taxes
200 East Sunrise Highway
North Lindenhurst, N.Y. 11757
(631) 957-3004

Riverhead Town Receiver of Taxes
200 Howell Avenue
Riverhead, N.Y. 11901
(631) 727-3200

Brookhaven Town Receiver of Taxes
250 East Main Street
Port Jefferson, N.Y. 11777
(631) 473-0236

Shelter Island Town Receiver of Taxes
Shelter Island Town Hall
Shelter Island, N.Y. 11964
(631) 749-3338

East Hampton Town Receiver of Taxes
300 Pantigo Place
East Hampton, N.Y. 11937
(631) 324-2770

Smithtown Town Receiver of Taxes
99 West Main Street
Smithtown, N.Y. 11787
(631) 360-7610

Huntington Town Receiver of Taxes
100 Main Street
Huntington, N.Y. 11743
(631) 351-3217

Southampton Town Receiver of Taxes
116 Hampton Road
Southampton, N.Y. 11968
(631) 283-6514

Islip Town Receiver of Taxes
40 Nassau Avenue
Islip, N.Y. 11751
(631) 224-5580

Southold Town Receiver of Taxes
53095 Main Street
Southold, N.Y. 11971
(631) 765-1803

Sincerely,

*Edward P. Romaine*

Edward P. Romaine
Suffolk County Clerk

dw
2/99

12-0104:: 09/01cg



**Recorded Barcode Page Document**

Loan No 

Borrower: ORANTES, GEORGE

Address: 37 BURRS LN, DIX HILLS, NY 11746

Contract Code: NSDAV

Batch Code: LTU6726949

Loan Amount: $300,000.00

Document ID: recimg

sc_bcidatix

| 1 | 2 |

Number of pages    2

This document will be public record. Please remove all Social Security Numbers prior to recording.

RECORDED
2014 Jun 02 12:42:25 PM
JUDITH A. PASCALE
CLERK OF
SUFFOLK COUNTY
L M00022494
P 450

| Deed / Mortgage Instrument | Deed / Mortgage Tax Stamp | Recording / Filing Stamps |

**3** FEES

| | | | |
|---|---|---|---|
| Page/Filing Fee | _____ | Mortgage Amt. | _____ |
| Handling | 20, 00 | 1. Basic Tax | _____ |
| TP-584 | _____ | 2. Additional Tax | _____ |
| Notation | 1N | Sub Total | |
| EA-52 17 (County) | Sub Total _____ | Spec./Assit. | _____ |
| EA-5217 (State) | | or | |
| R.P.T.S.A. | 60 | Spec./Add. | _____ |
| Comm. of Ed. | 5, 00 | TOT.MTG.TAX | _____ |

Dual Town _____ Dual County _____
Held for Appointment _____
Transfer Tax _____
Mansion Tax _____

| Affidavit | _____ |
| Certified Copy | _____ |
| NYS Surcharge | 15, 00    Sub Total _____ |
| Other | _____    Grand Total  110.50 |

mC

The property covered by this mortgage is or will be improved by a one or two family dwelling only.
    YES _____ or NO _____
If NO, see appropriate tax clause on page # _____ of this instrument.

| 4 | Dist. 2715014 | 0100 01600 0200 061000 | 5 | Community Preservation Fund |

Real Property Tax Service Agency Verification
P T S
R VIT A
22-APR-14

Consideration Amount   $ _____

CPF Tax Due   $ _____

Improved _____
Vacant Land _____
TD _____
TD _____
TD _____

**6** Satisfaction/Discharge/Releases List Property Owners Mailing Address
**RECORD & RETURN TO:**

Nationstar Mortgage LLC
C/O Nationwide Title Clearing, Inc. 2100 Alt. 19 North
Palm Harbor, FL 34683

Mail to: Judith A. Pascale, Suffolk County Clerk
310 Center Drive, Riverhead, NY 11901
www.suffolkcountyny.gov/clerk

**7** Title Company Information

Co. Name _____
Title # _____

**8** # **Suffolk County Recording & Endorsement Page**

This page forms of the attached    ASSIGNMENT OF MORTGAGE    made by:
(SPECIFY TYPE OF INSTRUMENT)

BANK OF AMERICA, N.A. S/B/M TO FLEET NATIONAL BANK, by NATIONSTAR MORTGAGE LLC, its Attorney-in-Fact (POA RECORDED: 01/16/2014 BK: D00012760 PG: 613)

The premises herein is situated in
SUFFOLK COUNTY, NEW YORK.

TO

NATIONSTAR MORTGAGE LLC, WHOSE ADDRESS IS C/O 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE)

In the TOWN of  Babylon

In the VILLAGE _____

or HAMLET of _____

BOXES 6 THRU 8 MUST BE TYPED OR PRINTED IN BLACK INK ONLY PRIOR TO RECORDING OR FILING.

# IMPORTANT NOTICE

If the document you've just recorded is your <u>ASSIGNMENT OF MORTGAGE</u>, please be aware of the following:

If a portion of your monthly mortgage payment included your property taxes, <u>*you will now need to contact your local Town Tax Receiver so that you may be billed directly for all future property tax</u> statements.

Local property taxes are payable twice a year: on or before January 10th and on or before May 31st. Failure to make payments in a timely fashion could result in a penalty.

Please contact your local Town Tax Receiver with any questions regarding property tax payment.

Babylon Town Receiver of Taxes
200 East Sunrise Highway
North Lindenhurst, N.Y. 11757
(631) 957-3004

Brookhaven Town Receiver of Taxes
One Independence Hill
Farmingville, N.Y. 11738
(631) 451-9009

East Hampton Town Receiver of Taxes
300 Pantigo Place
East Hampton, N.Y. 11937
(631) 324-2770

Huntington Town Receiver of Taxes
100 Main Street
Huntington, N.Y. 11743
(631) 351-3217

Islip Town Receiver of Taxes
40 Nassau Avenue
Islip, N.Y. 11751
(631) 224-5580

Riverhead Town Receiver of Taxes
200 Howell Avenue
Riverhead, N.Y. 11901
(631) 727-3200

Shelter Island Town Receiver of Taxes
Shelter Island Town Hall
Shelter Island, N.Y. 11964
(631) 749-3338

Smithtown Town Receiver of Taxes
99 West Main Street
Smithtown, N.Y. 11787
(631) 360-7610

Southampton Town Receiver of Taxes
116 Hampton Road
Southampton, N.Y. 11968
(631) 283-6514

Southold Town Receiver of Taxes
53095 Main Street
Southold, N.Y. 11971
(631) 765-1803

Sincerely,

*Judith A. Pascale*

Judith A. Pascale
Suffolk County Clerk

dw
2/99

12-0104.06/06/kd

When Recorded Return To:
Nationstar Mortgage LLC
C/O Nationwide Title Clearing, Inc.
2100 Alt. 19 North
Palm Harbor, FL 34683

███████████████

## ASSIGNMENT OF MORTGAGE

CONTACT NATIONSTAR MORTGAGE, LLC FOR THIS INSTRUMENT 350 HIGHLAND DRIVE, LEWISVILLE, TX, 75067, TELEPHONE # 469-549-2000, WHICH IS RESPONSIBLE FOR RECEIVING PAYMENTS.

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, BANK OF AMERICA, N.A. S/B/M TO FLEET NATIONAL BANK, WHOSE ADDRESS IS 350 Highland Dr., Lewisville, TX, 75067, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Mortgage, as the same has not been consolidated, extended or modified, with all interest secured thereby, all liens, and any rights due or to become due thereon to NATIONSTAR MORTGAGE LLC, WHOSE ADDRESS IS C/O 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).

Said Mortgage is dated 11/06/2003, made by GEORGE R. ORANTES AND EILEEN ORANTES to FLEET NATIONAL BANK, in the principal sum of $300,000.00 and recorded on 02/06/2004, in Liber 20646, Page 293, CRFN # , in the office of the Registry of SUFFOLK County, NY.

Property is commonly known as: 37 BURRS LN TOWN OF BABYLON,
DIX HILLS, NY 11746.

This mortgage(s) has not been assigned of record.

This Assignment is not subject to the requirements of section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

Dated on   4 / 11 /20 14 (MM/DD/YYYY).
BANK OF AMERICA, N.A. S/B/M TO FLEET NATIONAL BANK, by NATIONSTAR MORTGAGE LLC, its Attorney-in-Fact (POA RECORDED: 01/16/2014 BK: D00012760 PG: 613)

By: _____
    Nadine Homan    Vice President of Loan Documentation

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

By: _____
    Kristopher Sandberg    Witness

STATE OF FLORIDA    COUNTY OF PINELLAS
Before me, on   4 / 11 /20 14 (MM/DD/YYYY), the undersigned, personally appeared Nadine Homan as Vice President of Loan Documentation for NATIONSTAR MORTGAGE LLC as Attorney-in-Fact for BANK OF AMERICA, N.A. S/B/M TO FLEET NATIONAL BANK, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that they executed the same in their capacity(ies), and that by their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Nicole Baldwin
Notary Public - State Of FLORIDA
Commission expires: 08/05/2016

Nicole Baldwin
Notary Public State of Florida
My Commission # EE 222285
Expires August 5, 2016

Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
Property ID(S/B/L) Section: 16 Block: 2 Lot: 61

███████████████



**SUFFOLK COUNTY CLERK**
**RECORDS OFFICE**
**RECORDING PAGE**

Type of Instrument: ASSIGNMENT OF MORTGAGE    Recorded:    06/02/2014
Number of Pages: 2                             At:          12:42:25 PM
Receipt Number : 14-0071184

                                               LIBER:    M00022494
                                               PAGE:     450

District:          Section:          Block:          Lot:
0100               016.00            02.00           061.000

EXAMINED AND CHARGED AS FOLLOWS

Received the Following Fees For Above Instrument

|  | | Exempt | | | Exempt |
|---|---|---|---|---|---|
| Page/Filing | $10.00 | NO | Handling | $20.00 | NO |
| COE | $5.00 | NO | NYS SRCHG | $15.00 | NO |
| Notation | $0.50 | NO | Cert.Copies | $0.00 | NO |
| RPT | $60.00 | NO | | | |

                              Fees Paid       $110.50

THIS PAGE IS A PART OF THE INSTRUMENT
THIS IS NOT A BILL

JUDITH A. PASCALE
County Clerk, Suffolk County

**EXHIBIT "B"**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:

**GEORGE R. ORANTES,**                           Case No. 8-17-74749-reg
**Aka Jorge R. Orantes,**

                                                 Chapter 7

                                                 **HON. ROBERT E. GROSSMAN**
------------------------------------------------------------------x
                RELIEF FROM STAY – REAL ESTATE AND
                      COOPERATIVE APARTMENTS

                      **BACKGROUND INFORMATION**


1.  ADDRESS OF REAL PROPERTY OR COOPERATIVE APARTMENT: 37 Burrs Ln Suffolk Dix Hills, NY 11746

2.  LENDER NAME: NATIONSTAR MORTGAGE LLC

3.  MORTGAGE DATE: November 6, 2003

4.  POST-PETITION PAYMENT ADDRESS: 8950 Cypress Waters Blvd. Coppell, Texas 75019


                 **DEBT AND VALUE REPRESENTATIONS**


5.  TOTAL PRE-PETITION AND POST-PETITION INDEBTEDNESS OF DEBTOR(S) TO MOVANT AS OF THE MOTION FILING DATE: $487,551.79
    *(THIS MAY NOT BE RELIED UPON AS A "PAYOFF" QUOTATION.)*

6.  MOVANT'S ESTIMATED MARKET VALUE OF THE REAL PROPERTY OR COOPERATIVE APARTMENT AS OF THE MOTION FILING DATE: $413,668.00

7.  SOURCE OF ESTIMATED MARKET VALUE: Zillow

## STATUS OF THE DEBT AS OF THE PETITION DATE

8. DEBTOR(S)'S INDEBTEDNESS TO MOVANT AS OF THE PETITION DATE:

| | | |
|---|---|---|
| A. | Total: | **$487,551.79** |
| B. | Principal: | **$252,627.29** |
| C. | Interest: | **$117,721.90** |
| D. | Escrow (taxes and insurance): | **$81,817.66** |
| E. | Forced placed insurance expended by movant: | **$0.00** |
| F. | Pre-petition attorneys' fees charged to debtor(s): | **$0.00** |
| G. | Pre-petition late fees charged to debtor(s): | **$0.00** |

9. CONTRACT INTEREST RATE: 5.870%
*(IF THE INTEREST RATE HAS CHANGED, LIST THE RATE(S) AND DATE(S) THAT EACH RATE WAS IN EFFECT ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: _____.)*

10. OTHER PRE-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE: Corporate Advance- $35,530.50

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: _____.)*

## AMOUNT OF POST-PETITION DEFAULT AS OF THE MOTION FILING DATE

11. DATE OF RECEIPT OF LAST PAYMENT: 01/03/2017

12. NUMBER OF PAYMENTS DUE FROM PETITION DATE TO MOTION FILING DATE: 3 PAYMENTS.

13. POST-PETITION PAYMENTS IN DEFAULT:

| PAYMENT DUE DATE | AMOUNT DUE | AMOUNT RECEIVED | AMOUNT APPLIED TO PRINCIPAL | AMOUNT APPLIED TO INTEREST | AMOUNT APPLIED TO ESCROW | LATE FEE CHARGED |
|---|---|---|---|---|---|---|
| 09/12/2017 | $3,264.54 | $0.00 | N/A | N/A | N/A | $0.00 |
| 10/12/2017 | $3,264.54 | $0.00 | N/A | N/A | N/A | $0.00 |
| 11/12/2017 | $3,264.54 | $0.00 | N/A | N/A | N/A | $0.00 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| TOTAL: | $9,793.62 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

14. Other post-petition fees charged to Debtor(s):

| | |
|---|---|
| a. Total: | **$931.00** |
| B. Attorneys' fees in connection with this motion: | **$750.00** |
| C. Filing fee in connection with this motion: | **$181.00** |
| D. Other post-petition attorneys' fees: | **$0.00** |
| E. Post-petition inspection fees: | **$0.00** |
| F. Post-petition appraisal/broker's price opinion fees: | **$0.00** |
| F. Forced placed insurance expended by movant: | **$0.00** |

15. AMOUNT HELD IN SUSPENSE BY MOVANT:  $145.56

16.    OTHER POST-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE: None

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: _____.)*

## REQUIRED ATTACHMENTS TO MOTION

PLEASE ATTACH THE FOLLOWING DOCUMENTS TO THIS MOTION AND INDICATE THE EXHIBIT NUMBER ASSOCIATED WITH EACH DOCUMENT.

(1)     COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S INTEREST IN THE SUBJECT PROPERTY. FOR PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE PROMISSORY NOTE OR OTHER DEBT INSTRUMENT TOGETHER WITH A COMPLETE AND LEGIBLE COPY OF THE MORTGAGE AND ANY ASSIGNMENTS IN THE CHAIN FROM THE ORIGINAL MORTGAGEE TO THE CURRENT MOVING PARTY. (EXHIBIT A.)

(2)     COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S STANDING TO BRING THIS MOTION. (EXHIBIT A.)

(3)     COPIES OF DOCUMENTS THAT ESTABLISH THAT MOVANT'S INTEREST IN THE REAL PROPERTY OR COOPERATIVE APARTMENT WAS PERFECTED. FOR THE PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE FINANCING STATEMENT (UCC-1) FILED WITH THE CLERK'S OFFICE OR THE REGISTER OF THE COUNTY IN WHICH THE PROPERTY OR COOPERATIVE APARTMENT IS LOCATED. (EXHIBIT A.)

## DECLARATION AS TO BUSINESS RECORDS

I, Chastity Wilson _____, THE Assistant Secretary _____ OF
Nationstar Mortgage LLC _____ THE MOVANT HEREIN, DECLARE PURSUANT TO 28 U.S.C.
SECTION 1746 UNDER PENALTY OF PERJURY THAT THE INFORMATION PROVIDED IN THIS FORM AND ANY
EXHIBITS ATTACHED HERETO (OTHER THAN THE TRANSACTIONAL DOCUMENTS ATTACHED AS REQUIRED
BY PARAGRAPHS 1 ,2, AND 3, ABOVE) IS DERIVED FROM RECORDS THAT WERE MADE AT OR NEAR THE
TIME OF THE OCCURRENCE OF THE MATTERS SET FORTH BY, OR FROM INFORMATION TRANSMITTED BY, A
PERSON WITH KNOWLEDGE OF THOSE MATTERS; THAT THE RECORDS WERE KEPT IN THE COURSE OF THE
REGULARLY CONDUCTED ACTIVITY; AND THAT THE RECORDS WERE MADE IN THE COURSE OF THE
REGULARLY CONDUCTED ACTIVITY AS A REGULAR PRACTICE.

I FURTHER DECLARE THAT COPIES OF ANY TRANSACTIONAL DOCUMENTS ATTACHED TO THIS
FORM AS REQUIRED BY PARAGRAPHS 1, 2, AND 3, ABOVE, ARE TRUE AND CORRECT COPIES OF THE
ORIGINAL DOCUMENTS.

EXECUTED AT Lewisville, Texas
ON THIS ____ 8 DAY OF January , 20 18

Chastity Wilson
Chastity Wilson
Assistant Secretary of
Nationstar Mortgage LLC
<NAME> <TITLE>                              Affiant
<MOVANT>
<STREET ADDRESS> 8950 Cypress Waters Blvd.
<CITY, STATE AND ZIP CODE> Coppell, Texas 75019

## DECLARATION

I, Chastity Wilson _____, THE Assistant Secretary _____ OF
Nationstar Mortgage LLC _____, THE MOVANT HEREIN, DECLARE PURSUANT TO 28
U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
BASED ON PERSONAL KNOWLEDGE OF THE MOVANT'S BOOKS AND BUSINESS RECORDS.

EXECUTED AT Lewisville, Texas
ON THIS ____ 8 DAY OF January , 20 18

Chastity Wilson
Chastity Wilson
Assistant Secretary of
Nationstar Mortgage LLC
<NAME> <TITLE>                              Affiant
<MOVANT>
<STREET ADDRESS> 8950 Cypress Waters Blvd.
<CITY, STATE AND ZIP CODE> Coppell, Texas 75019

EXHIBIT "C"

11/20/2017

37 Burrs Ln, Dix Hills, NY 11746 | Zillow



| GET MORE INFO | ♡ SAVE | ✉ SHARE | ⊘ HIDE | GET UPDATES | MORE ▾ | City, State, or Zip 🔍 |

New York · 11746 · 37 Burrs Lane





# 37 Burrs Ln, Dix Hills, NY 11746

### 3 beds · 3 baths · -- sqft

OFF MARKET

## Zestimate*:
## $413,668
I disagree
Rent Zestimate*:
$6,000 /mo

# Home Shoppers are Waiting

94 shoppers are looking in your neighborhood and price range.

👤 Your name

📞 Phone

✉ Email

I own this home and would like to ask an agent about selling 37

Contact Agent

Or call 631-657-0576 for more info

This is a 3 bedroom, 3.0 bathroom, single family home. It is located at 37 Burrs Ln Dix Hills, New York.

## Facts and Features

**Type**
Single Family

**Year Built**
No Data

**Heating**
No Data

**Cooling**
No Data

**Parking**
No Data

**Lot**
0.61 acres

### INTERIOR FEATURES

**Bedrooms**

Beds: 3

**Telecom**

Internet and

**Bathrooms**

See More Facts and Features ⌄

# Home Value

## Zestimate ⓘ
## $413,668

| ZESTIMATE RANGE ⓘ | LAST 30 DAY CHANGE | ONE YEAR FORECAST ⓘ |
|---|---|---|
| $393,000 - $434,000 | -$33,682 (-7.5%) | $430,173 (+4.0%) |

Zestimate history & details ⌄

# Comparable Homes

## Homes like this sold for $350-529K.



$300K                                    $580K

## Similar Homes for Sale



**FOR SALE**
**$474,999**
4 beds, 3.0 baths, -- sqft
5 Yorkshire Dr, Wheatley ...



**FOR SALE**
**$479,000**
4 beds, 3.0 baths, -- sqft
17 Manchester Blvd, Whe...



**FOR SALE**
**$494,000**
5 beds, 2.0 baths, -- sqft
17 Nottingham Dr, Wheatl...

1709 Aka 1710 Straight Path Rd, Wyandanch, NY 11798

**FOR SALE**
**N/A**
-- beds, -- baths, -- sqft
1709 Aka 1710 Straight Pa...

90 Truxton Rd, Dix Hills, NY 11746

**FOR SALE**
**$510,000**
4 beds, 2.5 baths, -- sqft
90 Truxton Rd, Dix Hills, ...

See listings near 37 Burrs Ln

## Nearby Similar Sales

**SOLD: $350,000**
Sold on 6/26/2017
3 beds, 3.0 baths, -- sqft
370 Nicolls Rd, Deer Park, NY 11729

11/20/2017                           37 Burrs Ln, Dix Hills, NY 11746 | Zillow

**FOR SALE**
Comparable
homes

〉

**RECENTLY
SOLD**
Comparable
homes

〉

**SOLD: $360,000**
Sold on 8/23/2017
4 beds, 3.0 baths, -- sqft
27 Morris Dr, Deer Park, NY 11729

**SOLD: $365,000**
Sold on 9/29/2017
4 beds, 2.5 baths, 1916 sqft
10 Manchester Blvd, Wheatley Heights, NY 11...

**SOLD: $372,500**
Sold on 3/1/2017
5 beds, 2.0 baths, 1800 sqft
1835 Straight Path, Dix Hills, NY 11746

**SOLD: $391,400**
Sold on 12/22/2016
5 beds, 2.5 baths, -- sqft
5 Chelmsford Dr, Wheatley Heights, NY 11798

See sales similar to 37 Burrs Ln

# Price / Tax History

Price History      Tax History

# Neighborhood: 11746

**MEDIAN
ZESTIMATE** ?

**$459,200**
🔺 7.1%
Past 12
months

**MARKET TEMP** ?

# Cold

Buyers'      Sellers'

Market      Market

Zillow predicts 11746 home values will rise 1.5% next
year, compared to a 0.1% decrease for Suffolk as a
whole.

**NEIGHBORHOOD MAP**

**NEARBY HOMES**



OFF MARKET                OFF MARKET
‹ $481,468 4 ...    $424,829 -- ... ›
35 Burrs Ln, Dix Hills, NY    4 Sturbridge Dr, Dix Hil...

# Home Expenses

# Nearby Schools in Suffolk

**GREATSCHOOLS RATING** ❓        **GRADES** **DISTANCE**

| 7 out of 10 | Paumanok Elementary | K-5 | 0.5 mi |
| 8 out of 10 | West Hollow Middle | 6-8 | 3.1 mi |
| 9 out of 10 | Half Hollow Hills High School East | 9-12 | 2.1 mi |

Data by GreatSchools.org ❓

More schools in Suffolk

**About the ratings:** GreatSchools ratings are based on a comparison of test results for all schools in the state. It is designed to be a starting point to help parents make baseline comparisons, not the only factor in selecting the right school for your family. Learn more

**Disclaimer:** School attendance zone boundaries are provided by a third party and subject to change. Check with the applicable school district prior to making a decision based on these boundaries.

# Home Shoppers are Waiting

94 shoppers are looking in your neighborhood and price range.

👤 Your name

📞 Phone

✉ Email

I own this home and would like to ask an agent about selling 37 Burrs Ln, Dix Hills, NY

Contact Agent

Or call 516-986-1570 for more info

## NEARBY CITIES

Amityville

Centereach

Commack

Dix Hills

East Northport

More

## NEARBY NEIGHBORHOODS

Greenlawn

Halesite

Huntington Bay

Huntington Station

Lloyd Harbor

More

## NEARBY ZIP CODES

11740

11743

11746

11750

11965

More

## OTHER DIX HILLS TOPICS

Apartments for Rent in 11746

Houses for Sale in 11746

Houses for Rent in 11746

11746 Real Estate

Condos

More

37 Burrs Ln, Dix Hills, NY, 11746 is a single family home of on a lot of 26,691 sqft (or 0.61 acres). Zillow's Zestimate⁶ for 37 Burrs Ln is $413,668 and the Rent Zestimate' is $6,000/mo. This single family home has 3 bedrooms and 3 baths. The 4 bed single family home at 5 Yorkshire Dr in Wheatley Heights is comparable and priced for sale at $474,999. This home is located in Wheatley Heights in zip code 11798. Greenlawn and Halesite are nearby neighborhoods. Nearby ZIP codes include 11740 and 11750. Dix Hills, West Babylon, and Elwood are nearby cities.

ABOUT    ZESTIMATES    RESEARCH    CAREERS    HELP    ADVERTISE    TERMS OF USE & PRIVACY

AD CHOICE    COOKIE PREFERENCES    BLOG    DATA SCIENCE    MOBILE APPS

 © 2006-2017 Zillow    Follow us