UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In the Matter of

       GEORGE ORANTES,
       a/k/a JORGE R. ORANTES,

                         Chapter 7
                         Case No. 8-17-74749-reg

                         Debtor.
--------------------------------------------------------X

**SECOND SUPPLEMENTAL AND FINAL ORDER: (A) APPROVING AND AUTHORIZING, SUBJECT TO THE LAWS OF THE REPUBLIC OF EL SALVADOR, THE CONVEYANCE BY THE TRUSTEE (AS THE REPRESENTATIVE OF THE DEBTOR'S ESTATE), OF THE ESTATE'S INTEREST IN REAL PROPERTY LOCATED IN EL SALVADOR; (B) AUTHORIZING THE TRUSTEE, AS THE REPRESENTATIVE OF THE DEBTOR'S ESTATE, TO EXECUTE, IN CONFORMITY WITH THE LAWS OF EL SALVADOR, THE CONVEYANCE DOCUMENT AND ANY AND ALL ADDITIONAL RELATED DOCUMENTS WHICH ARE REQUIRED TO: (i) EFFECTUATE THE TRANSFER OF THE ESTATE'S INTEREST IN THE PROPERTY TO THE PURCHASER; (ii) FILE AND REGISTER THE CONVEYANCE OF THE PROPERTY INTEREST WITH THE NATIONAL REGISTRY CENTER OF EL SALVADOR; (C)AUTHORIZING THE TRUSTEE TO EXECUTE, BEFORE A SALVADORAN NOTARY, AND IN ACCORDANCE WITH THE LAWS OF EL SALVADOR, ANY AND ALL DOCUMENTS NECESSARY TO ASSIST THE PURCHASER IN CONNECTION WITH ANY PROCEEDING HE MAY BE REQUIRED TO COMMENCE IN EL SALVADOR INCLUDING, BUT NOT LIMITED TO, AN EXEQUATUR PROCEEDING, IN ORDER TO OBTAIN OFFICIAL RECOGNITION, VALIDATION AND ENFORCEMENT BY THE SUPREME COURT OF EL SALVADOR, OF THE ORDERS ENTERED BY THE BANKRUPTCY COURT AUTHORIZING AND APPROVING THE SALE OF THE ESTATE'S INTEREST IN THE PROPERTY TO THE PURCHASER; AND (D) GRANTING ADDITIONAL RELATED RELIEF**

        Kenneth Kirschenbaum, the Chapter 7 trustee (the "Trustee") for the estate (the "Estate") of George Orantes a/k/a Jorge R. Orantes a/k/a Jorge Ricardo Orantes Alvarez (the "Debtor"), by and through his attorneys, Kirschenbaum & Kirschenbaum, P.C., having moved, pursuant to 11 U.S.C. §§ 105(a), 301, 323, 521(a)(3), 541(a)(1) and 704(a)(1), Rules 6004 and 9014 of the Federal Rules of Bankruptcy Procedure and E.D.N.Y. LBR 9006-1, by Notice of Motion (the "Motion"), dated February 23, 2023, for the entry of a second supplemental order and judgment,

in the form required for their recognition, validation and enforcement by the Supreme Court of El Salvador, granting the following relief:

(a) Authorizing and approving (subject to the laws of the Republic of El Salvador and any orders of a Salvadoran Court of competent jurisdiction recognizing, validating and enforcing the orders of the Bankruptcy Court, which laws and orders are not adverse to or inconsistent with the laws of the United States of America), the proposed conveyance by the Trustee (as the representative of the Debtor's bankruptcy Estate), of title to the 50% interest (the "Interest") in the real property located in Sonsonate, El Salvador (the "Property," as more fully and legally described and defined hereafter), which was titled in the name of the Debtor at the time of filing of the Debtor's bankruptcy petition (the "Petition"), and which the Bankruptcy Court previously authorized the Trustee to sell to Roberto Orantes a/k/a Roberto Enrique Orantes Alvarez ("Roberto" or the "Purchaser") pursuant to order entered on December 28, 2018 (the "2018 Order"), as supplemented by the Bankruptcy Court order entered on February 1, 2022 (the "2022 Order");

(b) Authorizing the Trustee to execute, before a Salvadoran notary, and in accordance with the laws of the Republic of El Salvador (which are not adverse to or inconsistent with the laws of the United States of America), any and all documents which are necessary under, and consistent with, the laws of El Salvador to: (i) effectuate the transfer of the Estate's Interest in the Property to the Purchaser; and (ii) file and register the conveyance of the Property Interest purchased by the Purchaser with the National Registry Center of El Salvador (the "Central Registry");

(c) Authorizing the Trustee to execute, before a Salvadoran notary, and in accordance with the laws of the Republic of El Salvador (which are not adverse to or inconsistent with the

laws of the United States of America), any and all documents which are necessary to assist the Purchaser in connection with any proceedings he may be required to commence in El Salvador including, but not limited to, the exequatur process, in order to obtain official recognition, validation and enforcement by the Supreme Court of El Salvador of the orders entered by the Bankruptcy Court authorizing and approving the sale of the Estate's Interest in the Property by the Trustee to the Purchaser in this Bankruptcy Court proceeding and the registration of the conveyance of the Property Interest purchased by the Purchaser with the Central Registry; and

(d)     Granting such other and further relief as the Court deems just and appropriate;

and the Trustee and the Purchaser having entered into a Global Stipulation (the "Stipulation"), dated October 31, 2018, subject to Bankruptcy Court approval upon notice to all creditors, which provided, *inter alia*, for the sale of the Trustee's right, title and Interest in the El Salvador Property to the Purchaser for the total sum of $50,000.00, and the Trustee having applied to the Court, by Notice of Motion ("Trustee's Motion #1") dated November 9, 2018, for an order approving the Stipulation and authorizing the Trustee, pursuant to 11 U.S.C. § 363(b) and Rule 6004 of the Federal Rules of Bankruptcy Procedure, to sell his right, title and Interest in the Property to the Purchaser in accordance with the terms and conditions set forth in the Stipulation; and all interested parties, including the Debtor, the Debtor's attorney, the Office of the United States Trustee, all scheduled creditors, all creditors with filed and allowed claims, and any party who filed a Notice of Appearance in this proceeding, having been served with notice of Trustee's Motion #1; and no written opposition to Motion #1 having been filed with the Court; and no party having appeared at the time of the scheduled hearing to voice any opposition to Motion #1; and Motion #1 having been granted by the Court; and an order of the Bankruptcy Court granting the relief requested by the Trustee in Motion #1 having been entered on December 28, 2018; and

no party having appealed from the 2018 Order; and the Purchaser having thereafter paid the Trustee the sum of $50,000.00 to purchase the Estate's Interest in the Property in accordance with the terms and conditions set forth in the Stipulation and pursuant to the 2018 Order; and the Purchaser being entitled to acquire the Estate's Interest in the Property, which had been held by the Debtor at the time of filing of the Debtor's Petition; and the Trustee having requested and required the cooperation of the Debtor in connection with the execution of documents needed to convey the Property Interest and consummate the sale of the Property Interest to the Purchaser; and the Debtor having ignored repeated requests made by counsel for the Trustee and counsel for the Purchaser to execute those documents required under the laws of El Salvador to effectuate the transfer of the Property Interest to the Purchaser and the registration of the transfer of the Property Interest in the Central Registry to reflect that the Property Interest is held in the name of the Purchaser; and the Debtor having appeared in legal proceedings relating to the Property Interest which were brought against him in El Salvador (the "El Salvador Lawsuits"); and the Debtor having intentionally taken positions in the El Salvador Lawsuits which interfered with the Trustee's administration of the Estate's Interest in the Property; and the Debtor having taken positions in the El Salvador Lawsuits contrary to the position taken by him in the Bankruptcy Case; and the Debtor having asked the court in the El Salvador cases to not recognize the Debtor's Bankruptcy Case or the proceedings which have taken place therein in lawsuits brought by the Debtor's brother, Joaquin Orantes, against the Debtor which, without objection by the Debtor, resulted in the imposition of a lien (the "Lien") against the Property in the Real Estate and Mortgage Property Registry of the Central Registry; and the Debtor having contested a lawsuit brought by the Purchaser against Joaquin Orantes and the Debtor seeking to nullify a purported promissory note and avoid the Lien encumbering the Property; and the specific

language and directions being requested of this Court by the Trustee in the Motion being necessary in order to enable the Purchaser to proceed with the exequatur process in El Salvador, in order to obtain official recognition, validation and enforcement by the Supreme Court of El Salvador of the orders entered by the Bankruptcy Court authorizing and approving: (a) the sale of the Estate's Interest in the Property by the Trustee to the Purchaser; (b) the conveyance of the Property Interest to the Purchaser; and (c) for the registration of the conveyance of the Property Interest purchased by the Purchaser with the Central Registry to reflect that the Purchaser is the holder of the 50% Property Interest which was previously held by the Debtor at the time of filing of his bankruptcy Petition; and a letter from the Debtor to the Trustee having been filed by the Debtor on March 3, 2023, in response to the Motion; and a Statement having been filed on behalf of Roberto on March 6, 2023, in support of the Trustee's Motion; and a reply having been filed by the Debtor on March 13, 2023, in response to the statement filed by Roberto in support of the Trustee's Motion; and the Motion having come on to be heard by the Court on March 13, 2023, and Steven B. Sheinwald, Esq. and Scott T. Dillon, Esq., of Kirschenbaum & Kirschenbaum, P.C., counsel for the Trustee, having appeared on behalf of the Trustee in support of the Motion; and Mark Frankel, Esq., of Backenroth, Frankel & Krinsky, LLP, having appeared on behalf of Roberto in support of the Trustee's Motion; and there being no appearance by the Debtor at the time of the hearing in opposition to the Motion; and no other party having appeared before the Court in opposition to the Motion, and the Court having found that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) the Debtor has intentionally engaged in conduct which interferes with the Trustee's administration of Estate Property; in particular, with the Estate's 50% Interest in the Property; (iv) the relief sought by the Trustee is required based upon

5

the Debtor's complete lack of cooperation with the Trustee, and the Debtor's adverse positions in legal proceedings pending in the Courts of El Salvador, and necessary to enable the Trustee to perform trustee duties under the Bankruptcy Code, particularly in connection with the administration of the Estate's Interest in the Property, in violation of 11 U.S.C. § 521(a)(3); (v) in accordance with 11 U.S.C. § 105(a), the relief sought in the Motion is necessary and appropriate to enable the Purchaser to seek the recognition, validation and enforcement of the Bankruptcy Court orders by the Supreme Court of El Salvador in connection with the conveyance of the Interest in the Property and the registration of the conveyance document with the Central Registry in accordance with the laws of El Salvador, (vi) the Court retained jurisdiction with respect to all matters arising from or related to the implementation of the 2018 Order; (vii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (viii) notice of the Motion upon the Debtor, the Debtor's attorney, the Purchaser, the Purchaser's attorney, the United States Trustee, the United States Attorney, and any party who filed a Notice of Appearance in this case, was sufficient and no additional notice of or further hearing on the Motion is required under the circumstances; and the Court having reviewed the Motion and having determined that the factual, legal and equitable bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that it is in the best interest of the Debtor's Estate, its creditors, and all parties in interest to grant the relief requested by the Trustee; now, therefore, it is hereby

**ORDERED**, that this order shall constitute a final order of the Court; and

**ORDERED**, that the proposed conveyance by the Trustee, as the representative of the Debtor's bankruptcy Estate, of title to the 50% Interest in the Property located in El Salvador, which was titled in the name of the Debtor at the time of filing of the Debtor's bankruptcy

Petition, and which the Bankruptcy Court previously authorized the Trustee to sell to the Purchaser, Roberto Orantes a/k/a Roberto Enrique Orantes Alvarez, pursuant to the 2018 Order, as supplemented by the 2022 Order, is authorized and approved, subject to the laws of the Republic of El Salvador and any orders of a Salvadoran Court of competent jurisdiction recognizing, validating and enforcing the orders of the Bankruptcy Court, which laws and orders are not adverse to or inconsistent with the laws of the United States of America; and it is further

**ORDERED**, that the Trustee is authorized to execute, before a Salvadoran notary, and in accordance with the laws of the Republic of El Salvador which are not adverse to or inconsistent with the laws of the United States of America, any and all documents which are necessary under, and consistent with, the laws of El Salvador to: (i) effectuate the transfer of the Estate's Interest in the Property to the Purchaser; and (ii) file and register the conveyance of the Property Interest purchased by Roberto Orantes a/k/a Roberto Enrique Orantes Alvarez with the Central Registry; and it is further

**ORDERED**, that the Trustee is authorized to execute, before a Salvadoran notary, and in accordance with the laws of the Republic of El Salvador which are not adverse to or inconsistent with the laws of the United States of America, any and all documents which are necessary to assist the Purchaser in connection with any proceeding he may be required to commence in El Salvador including, but not limited to, an exequatur proceeding, in order to obtain official recognition, validation and enforcement by the Supreme Court of El Salvador of the orders entered by the Bankruptcy Court authorizing and approving the sale of the Estate's Interest in the Property by the Trustee to the Purchaser in this Bankruptcy Court proceeding and the registration of the conveyance of the Property Interest purchased by the Purchaser with the Central Registry; and it is further

**ORDERED**, that the full legal description of the Property in which the Estate's 50% Interest is being sold and conveyed by the Trustee to the Purchaser is as follows:

> LOCATION: The property is located in the Center of the city of Sonsonate, in front of the Rafael Campos park, /Lot S/N, corresponding to the geographical location of Sonsonate, Sonsonate.
>
> REGISTRATION REGISTER: registered under the computerized real folio system registration number ONE ZERO ZERO ZERO TWO FIVE FOUR THREE – ZERO ZERO ZERO ZERO ZERO (10002543-00000) of the Real Estate and Mortgage Registry of the Sonsonate Department.
>
> COMPLETE DESCRIPTION: property of an urban nature that is described as follows: a house and its corresponding urban plot located in the center of the city of Sonsonate, in front of the Rafael Campos park. The house has adobe walls and a tile roof. It is built on a plot that measures eleven meters twenty centimeters in front, by eighteen meters deep, with a surface of TWO HUNDRED ONE POINT SIXTY SQUARE METERS. It borders to the east with the house and plot of the succession of Dona Dorotea de Trigueros, the same as the North, to the West with the house of the succession of Mrs. Francisca de Lievano, and to the South, mediating the street with Rafael Campo park, registered with the registration number ONE ZERO ZERO ZERO TWO FIVE FOUR THREE – ZERO ZERO ZERO ZERO ZERO, in the Registry of Real Estate and Mortgages 4 of the Western Third Section of the department of Sonsonate, Republic of El Salvador;

and it is further

**ORDERED**, that the 2018 Order and the 2022 Order, both annexed hereto, shall constitute integral parts of this Order, are incorporated by reference as if fully set forth herein, and shall remain in full force and effect; and it is further

**ORDERED**, pursuant to 11 U.S.C. § 105(a), that the Trustee is authorized to take any and all steps and to execute whatever documents are necessary pursuant to the laws of El Salvador (which are not adverse to or inconsistent with the laws of the United States of America), to give this order, and the attached prior orders, full force and effect so as to enable the Supreme Court of El Salvador to recognize, validate and enforce this order, the conveyance

of the 50% Property Interest by the Trustee to the Purchaser, and the registration of the conveyance document with the Central Registry; and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this final Order.



Dated: Central Islip, New York
April 6, 2023

_____
Robert E. Grossman
United States Bankruptcy Judge